[No. B176739. Second Dist., Div. Four. Nov. 30, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEX MALDONADO et al., Defendants and Appellants.

## [CERTIFIED FOR PARTIAL PUBLICATION*]

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts, and Discussion, parts A1, A2, B3, C, D, E and F.

## COUNSEL

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant Alex Maldonado.

Cheryl Rae Anderson and Murray A. Rosenberg, under appointments by the Court of Appeal, for Defendant and Appellant Alejandro Hernandez.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WILLHITE, J.—

## PROCEDURAL BACKGROUND

A jury convicted defendants Alex Maldonado and Alejandro Hernandez of two counts of attempted robbery (Pen. Code, §§ 664 & 211),[1] two counts of kidnapping (§ 207, subd. (a)), and two counts of false imprisonment by violence (§ 236). The jury convicted defendant Maldonado alone of making a criminal threat (§ 422), and found that he had personally used a firearm in all of his crimes (§ 12022.53, subd. (b); former § 12022.5, subd. (a)(1)). As against defendant Hernandez, the jury found true the allegation in all counts that a principal had been armed with a firearm (§ 12022, subd. (a)(1)). For all of the crimes of which defendants were convicted, the jury found the criminal street gang enhancement allegation (§ 186.22, subd. (b)(1)) to be true. The court sentenced defendant Maldonado to a term of 64 years and eight months, and defendant Hernandez to a term of 17 years and four months.

In the published portion of our opinion, we hold that assault with a firearm (§ 245, subd. (a)(2)) is a predicate offense under section 186.22, subdivision (e)(1), for purposes of proving a pattern of criminal gang activity. In the unpublished portion, we strike the gang enhancement on other grounds, but otherwise affirm the judgments and remand for resentencing.

## STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### A. TRIAL COURT COMMENTS ABOUT REASONABLE DOUBT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All undesignated statutory references are to the Penal Code.

*See footnote, *ante*, page 627.

## B.   STREET GANG ENHANCEMENT

### 1.   *Background*

█   For all of the crimes committed by defendants, the jury found true the gang enhancement allegation under section 186.22, subdivision (b)(1). "Section 186.22, subdivision (b)(1) imposes additional punishment when a defendant commits a felony for the benefit of, at the direction of, or in association with a criminal street gang. To establish that a group is a criminal street gang within the meaning of the statute, the People must prove: (1) the group is an ongoing association of three or more persons sharing a common name, identifying sign, or symbol; (2) one of the group's primary activities is the commission of one or more statutorily enumerated criminal offenses; and (3) the group's members must engage in, or have engaged in, a pattern of criminal gang activity. [Citations.] [¶] A 'pattern of criminal gang activity' is defined as gang members' individual or collective '. . . conviction of two or more' enumerated 'predicate offenses' during a statutorily defined time period. [Citations.]" (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1457 [119 Cal.Rptr.2d 272].)

To prove the section 186.22, subdivision (b)(1) allegation, the prosecution introduced testimony by Los Angeles Police Officer Tony Fitzsimmons, a qualified gang expert, and certified copies of superior court minute orders from the sentencing hearings of two Wanderers gang members, Fernando Canales and Fabian Contreras.

Officer Fitzsimmons testified that the Wanderers "usually . . . engage in street robberies, either by force, fear, by just physical assaults or even with a firearm. [¶] . . . [T]heir confrontations are . . . fierce, dangerous, and usually unprovoked. They . . . create quite an atmosphere of fear and intimidation within [the] community." He believed that defendants committed the crimes against victims Jovanni Gonzalez and Jorge Beltran to benefit or promote the Wanderers gang. Although defendant Hernandez was not identified as a member of the Wanderers, it was significant that he was with defendant Maldonado, a known gang member, throughout the commission of the crimes. Officer Fitzsimmons testified that "individuals who [were] not necessarily known to [him] as gang members could participate in gang crimes." Further, defendant Hernandez threatened that he would "get [the victims] for ratting out [his] homeboy." The officer explained that "homeboy" was a reference to a fellow gang member and that "ratting out" referred to informing the police of gang activity.

Offered as proof of the necessary predicate offenses, the certified minute orders showed that Canales, a Wanderers member, was convicted in April 2002 of assault with a firearm (§ 245, subd. (a)(2)). The minute orders also showed that Contreras, another member of the Wanderers gang, was convicted in October 2002 of being a juvenile in possession of a firearm (§ 12021, subd. (e)) and assault with a firearm (§ 245, subd. (a)(2)). He was also found to have committed the crimes to assist in the criminal conduct of a gang.

In closing argument, the prosecutor's comments about predicate offenses were brief. Referring to the proof of predicate offenses, she stated: "Other people using this gang's name have assaulted someone with a weapon, we heard about, had used a firearm in the promotion of the gang. *Those are the two predicates that we talked to you about, prior felony convictions for violence, done in furtherance of this gang.*" (Italics added.)

The information did not plead specific predicate offenses, and the jury was not asked to identify them in its verdicts. The trial court instructed, however, that the charged predicate offenses were "Assault with a firearm, vandalism and possession of a firearm[.]"[6]

Defendants raise several contentions challenging the jury's findings that the gang enhancement allegations were true. We begin with the claim that assault with a firearm is not a predicate offense.

2.  *Assault with a Firearm Is a Predicate Offense Under Section 186.22, subdivision (e)(1)*

■   One element of the section 186.22 gang enhancement is that members of the gang must have engaged in a pattern of criminal gang activity. Proving a pattern of gang activity requires, in part, evidence that members of the gang have committed two or more specified predicate offenses. The predicate offenses are listed in section 186.22, subdivision (e). Included in the list is section 186.22, subdivision (e)(1): "[a]ssault with a deadly weapon or by any means of force likely to produce great bodily injury as defined in Section 245."

Here, the prosecution introduced evidence that two Wanderers gang members, Canales and Contreras, were convicted of assault with a firearm, in

---

[6] Despite the trial court's instruction, neither vandalism nor being a juvenile in possession of a firearm is a predicate offense under section 186.22, subdivision (e).

violation of section 245, subdivision (a)(2). Defendants contend, however, that assault with a firearm is not a predicate offense under section 186.22, subdivision (e)(1). They argue that the statutory language covers only two discrete crimes: assault with a deadly weapon, and assault by means of force likely to produce great bodily injury, both of which fall under section 245, subdivision (a)(1).

As we explain, defendants' narrow reading of section 186.22, subdivision (e)(1) ignores the provisions of section 245, under which assault with a firearm is simply an aggravated form of assault with a deadly weapon. Further, to exclude assault with a firearm as a predicate offense would be an irrational departure from the legislative intent of section 186.22. We hold, therefore, that the only reasonable interpretation of section 186.22, subdivision (e)(1) is that assault with a firearm in violation of section 245, subdivision (a)(2) is a predicate offense.

"In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.] 'If, however, the language supports more than one reasonable construction, we may consider "a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." [Citation.] Using these extrinsic aids, we "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' " (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr.3d 432, 79 P.3d 548] (*Lopez*).)

In referring to assault with a deadly weapon, section 186.22, subdivision (e)(1) does not cite section 245, subdivision (a)(1). Rather, the statutory language encompasses "[a]ssault with a deadly weapon . . . *as defined in Section 245.*" (§ 186.22, subd. (e)(1), italics added.) Technically speaking, section 245 does not "define" any crimes. Rather, the crime of assault is defined in section 240.[7] Section 245 specifies *different punishments* for various species of assault, without elaborating on the elements of those

---

[7] Section 240 states: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

assaults.[8] (See 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against the Person, § 40, p. 663 ["Assaults with various deadly weapons have enhanced punishment."].) Thus, the language of section 186.22, subdivision (e)(1), "assault with a deadly weapon . . . as defined in Section 245," is imprecise. But when one examines section 245 as a whole, the meaning of section 186.22, subdivision (e)(1) becomes clear.

■ Section 245 treats assault with a firearm as an aggravated subset of assault with a deadly weapon. Thus, section 245, subdivision (a)(1) provides that anyone "who commits an assault upon the person of another with a deadly weapon or instrument *other than a firearm* or by any means [of force] likely to produce great bodily injury shall be punished by imprisonment in the state prison or two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (Italics added.) Similarly, section 245, subdivision (c) states in relevant part that anyone "who commits an assault with a deadly weapon or instrument, *other than a firearm*, or by means [of force] likely to produce great bodily injury *upon the person of a peace officer or firefighter* . . . shall be punished by imprisonment in the state prison for three, four, or five years." (Italics added.) By referring to "assault with a deadly weapon or instrument . . . other than a firearm," section 245, subdivisions (a)(1) and (c) implicitly mean that assault with a firearm is simply one type of assault with a deadly weapon. However, the punishment for that category of assault is covered by other subdivisions of section 245.

■ The potential sentence for assault with a firearm, specified in section 245, subdivision (a)(2), is enhanced as compared to assault with a deadly weapon. Although section 245, subdivision (a)(2) provides the same sentencing range as section 245, subdivision (a)(1), section 245, subdivision (a)(2) *adds* a mandatory minimum sentence of six months in county jail. Likewise, for assault with particular types of firearms—"a machinegun . . . or an assault weapon . . . or a .50 BMG rifle"—section 245, subdivision (a)(3) specifies a stiffer sentencing range of four, eight, or 12 years in state prison.[9]

---

[8] Other statutes define the elements of particular assaults. (See, e.g., § 241.2 [assault on a school or park property]; § 241.3 [assault on a public transportation provider]; and § 244.5 [assault with a stun gun or taser].)

[9] The same is true for assaults with a firearm on a peace officer or firefighter. Section 245, subdivision (d)(1) prescribes the punishment for assault with a firearm on a peace officer or firefighter—four, six, or eight years in state prison. This range is greater than that provided in section 245, subdivision (c) for assault on a peace officer or firefighter with a deadly weapon *other than a firearm*. Similarly, section 245, subdivision (d)(2) and (3) apply to assaults with specific types of firearms on peace officers or firefighters. These provisions contain enhanced sentencing ranges beyond the range provided by section 245, subdivision (d)(1).

Thus, in the scheme of section 245, assaults with a firearm are treated as an especially dangerous type of assault with a deadly weapon,[10] entitled to greater punishment. Hence, section 186.22, subdivision (e)(1), which includes "assault with a deadly weapon . . . as defined in Section 245," necessarily encompasses assault with a firearm under section 245, subdivision (a)(2). In other words, "as defined in Section 245," assault with a deadly weapon broadly covers the subset of assault with a firearm.

■ This reading of section 186.22, subdivision (e)(1) is the only one consistent with legislative intent. In enacting section 186.22, the Legislature intended to protect citizens from gang violence by providing enhanced punishment for gang-related offenses. (§ 186.21.) Assault with a firearm is a particularly dangerous form of assault with a deadly weapon, one that gang members frequently commit for gang purposes. It would be absurd for the Legislature to include assault with a deadly weapon *other than a firearm* as a predicate offense to prove a pattern of gang activity, but to exclude assault with a firearm. We will not assume the Legislature intended such an irrational result. (*Lopez, supra,* 31 Cal.4th at p. 1056.) We hold that assault with a firearm in violation of section 245, subdivision (a)(2) is a predicate offense included in section 186.22, subdivision (e)(1). Therefore, Canales's and Contreras's convictions of assault with a firearm constituted the required proof of two or more predicate offenses.

3. *There Was Insufficient Evidence that the Convictions of Assault With A Firearm Occurred Within the Statutory Time Period**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

C.–F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[10] Whether a defendant used a deadly weapon within the meaning of section 245, subdivision (a)(1) is a question of fact that is not controlled by the definition of "deadly weapon" found in other statutes. (1 Witkin and Epstein, *supra,* Crimes Against the Person, §§ 46–47, pp. 669–672.)

*See footnote, *ante,* page 627.

## DISPOSITION

The enhancements under section 186.22, subdivision (b)(1) are stricken. Otherwise, the judgments are affirmed. The case is remanded to the trial court for resentencing.

Hastings, Acting P. J., and Curry, J., concurred.

Appellants' petitions for review by the Supreme Court were denied March 1, 2006, S139793.