[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13246
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00580-SDM-EAJ-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JOB DURAN-GARCIA,
a.k.a. Joe Jimenez,
a.k.a. Job Garson-Duran,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Job Duran-Garcia appeals his 41-month total sentence, imposed after he pleaded guilty to illegally reentering the United States after a prior deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and unlawfully entering the United States, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329. Duran-Garcia argues that the district court erred by applying the 16-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii). After review, we affirm.

I.

In 1998 Duran-Garcia was convicted of the felony offense of assault with a firearm, in violation of Cal. Penal Code § 245(a)(2) (West 1998). The district court concluded that conviction qualified as a "crime of violence" under the Sentencing Guidelines and applied a 16-level enhancement. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). Duran-Garcia argues that was error. "We review de novo whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010) (quotation marks omitted).

The Sentencing Guidelines impose a 16-level enhancement if an alien "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2009).

A "crime of violence" is defined as any of the following offenses under federal, state, or local law:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. § 2L1.2, cmt. n.1(B)(iii); see also United States v. Searcy, 418 F.3d 1193, 1195 n.3 (11th Cir. 2005) ("We treat the commentary in the Sentencing Guidelines Manual as authoritative."). The definition "is disjunctive and we have held that a felony conviction qualifies as a crime of violence under § 2L1.2 if either (1) the defendant was convicted of one of the enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense." Palomino Garcia, 606 F.3d at 1326.

To determine whether a prior conviction qualifies as an enumerated offense, we use the "categorical approach." Id. at 1330–31 (explaining that "the label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense under § 2L1.2"). Under that approach, "we consider the offense generically, that is to say, we examine it in terms of how the

3

law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141, 128 S. Ct. 1581, 1584 (2008) (citing Taylor v. United States, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990)); see also Palomino Garcia, 606 F.3d at 1331. In Palomino Garcia, we held that "the generic offense of 'aggravated assault' under § 2L1.2 of the Guidelines involves a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." 606 F.3d at 1332.

> The California statute under which Duran-Garcia was convicted provides:
>
> Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

Cal. Penal Code § 245(a)(2) (West 1998). "Assault" is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Id. § 240. Although Cal. Penal Code § 245(a)(2) requires the use of a firearm, Duran-Garcia argues that his prior conviction does not qualify as generic aggravated assault because the terms "firearm" and "deadly weapon" are not synonymous under California law. Duran-Garcia points out that Cal. Penal Code § 245(a)(1) makes it unlawful to "commit[ ] an assault upon the person of another

4

with a deadly weapon or instrument other than a firearm . . . ." (emphasis added).[1]

Because Cal. Penal Code § 245(a)(1) criminalizes assault with a deadly weapon, Duran-Garcia argues that his conviction under § 245(a)(2) for assault with a firearm does not "prohibit[ ] behavior that is . . . within the generic, contemporary meaning of aggravated assault as it is used in U.S.S.G. § 2L1.2." Palomino Garcia, 606 F.3d at 1333 (quoting United States v. Fierro-Reyna, 466 F.3d 324, 329–30 (5th Cir. 2006)).

We disagree. Under California law, "assault with a firearm is . . . one type of assault with a deadly weapon." People v. Maldonado, 36 Cal. Rptr. 3d 117, 121–22 (Cal. Ct. App. 2005); see id. (explaining that "[s]ection 245 treats assault with a firearm as an aggravated subset of assault with a deadly weapon"). Thus, because Cal. Penal Code § 245(a)(2) requires the use of a deadly weapon, Duran-Garcia's prior conviction under that statute qualifies as a "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii). See Palomino Garcia, 606 F.3d at 1332. For

---

[1] Cal. Penal Code § 245(a)(1) provides in full:

Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand ($10,000), or by both the fine and imprisonment.

that reason, the district court did not err in applying the 16-level enhancement.[2]

AFFIRMED.

---

[2] Duran-Garcia also collaterally attacks the validity of his conviction under Cal. Penal Code § 425(a)(2). However, because Duran-Garcia was represented by counsel when he pleaded no contest to assault with a firearm, he may not collaterally attack his conviction. See United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997) ("Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel.").