Filed 12/7/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | BR 052169 |
| | ) | |
| Plaintiff and Appellant, | ) | (Central Trial Court |
| | ) | No. 4CA15343) |
| v. | ) | |
| | ) | |
| WEST VALLEY CAREGIVERS, INC. et al., | ) | |
| | ) | |
| Defendants and Respondents. | ) | **OPINION** |
| | ) | |

APPEAL from a Judgment of the Superior Court of Los Angeles County, Central Trial Court, Randolph M. Hammock, Judge. Reversed.

Michael N. Feuer, City Attorney, Asha Greenberg, Assistant City Attorney, and John R. Prosser, Deputy City Attorney, for the City of Los Angeles.

David Ryan Welch of D|R Welch Attorneys at Law, and Charles L. Lindner of the Office of Charles L. Lindner for defendants and respondents West Valley Caregivers, Inc., Edwin Movagharian and Adel Trinidad Luzuriaga.

\*          \*          \*

1

## I. INTRODUCTION

In this case, we decide an issue pertaining to Proposition D, an ordinance approved by the voters of the City of Los Angeles (City) in 2013 to regulate medical marijuana businesses (MMB's). (See *People v. Trinity Holistic Caregivers, Inc.* (2015) 239 Cal.App.4th Supp. 9, 16 (*Trinity Holistic*); *People v. Optimal Global Healing, Inc*. (2015) ___ Cal.App.4th Supp. ___, ___, 2015 Cal.App. Lexis 1003, *1 (*Optimal Global Healing*).)

The ordinance adopted by the voters made it "unlawful to own, establish, operate, use, or permit the establishment or operation of a [MMB]." (See Los Angeles Municipal Code (LAMC), § 45.19.6.2, subd. A.) The ordinance further provided a defendant could assert as an affirmative defense to a criminal prosecution that the MMB satisfied several enumerated requirements. The requirements include the MMB registered under previous MMB ordinances, it never ceased operating at the location set forth in its original or amended business tax registration or tax exemption certificate, and it does not have any managers who are also managers of another MMB in the City. (See LAMC, § 45.19.6.3, subds. A-O.)

The ordinance requires a defendant assert the affirmative defense. Moreover, the existence of some requirements needed to establish the defense are within a defendant's own knowledge, and proof of the inapplicability of the defense by the prosecution would be relatively difficult and inconvenient. We thus determine a defendant has the burden of proving the defense. Further, the requirements of the defense are not elements of the law making it a crime to own or operate an MMB, and the defense is provided for reasons that are collateral to a defendant's guilt or innocence, namely, to ensure a limited number of MMB's are available to provide medical marijuana to qualified patients. We therefore further hold a defendant's burden is to establish the defense by a preponderance of the evidence at trial.

Given our holding, the trial court erred in ruling the affirmative defense could be established if there was a reasonable doubt as to its existence. We reverse the judgment, which resulted when the People announced they were unable to proceed with their criminal case due to the court's ruling, and the court dismissed the case.

## II. *PROCEDURAL BACKGROUND*

On July 10, 2014, the People filed a complaint charging defendants West Valley Caregivers, Inc., Edwin Movagharian and Adel Trinidad Luzuriaga with three misdemeanor counts of operating an unlawful MMB in violation of LAMC section 45.19.6.2, subdivision A, on June 5, June 8, and June 9, 2014. They were also charged with three misdemeanor counts of violating LAMC section 12.21, subdivision A.1(a), based on their unpermitted use of land in operating the MMB on the same dates. Defendants pled not guilty, and the case was set for jury trial.

Prior to the start of trial, Luzuriaga filed a memorandum of points and authorities, arguing defendants' burden of proof to establish the affirmative defense in LAMC section 45.19.6.3 was only to raise a reasonable doubt as to its existence. Following the swearing in of 12 jurors to try the case, but before selecting and swearing in the two alternate jurors, the court heard argument and ruled on the issue of the burden of proof. The court determined defendants had the burden of presenting sufficient evidence to warrant the jury being instructed on the defense, and the People then had the burden of disproving the defense beyond a reasonable doubt.

Following the court's ruling, the People announced they would be unable to proceed with the trial. The court dismissed the case pursuant to Penal Code section 1385, and the People filed a timely notice of appeal.

## III. *DISCUSSION*

This court has jurisdiction to hear the People's appeal, because under Penal Code section 1466, subdivision (a)(2), the court's dismissal was "an order . . . dismissing . . . the action . . . entered before the defendant has been placed in jeopardy . . . ." Contrary to defendants' contention on appeal, jeopardy had not attached when the court dismissed the case, because the alternate jurors had not been selected and sworn in at the time of the dismissal. (*In re Mendes* (1979) 23 Cal.3d 847, 850.) Since the trial court dismissed the case because the People announced they could not proceed in light of the court's pretrial ruling, "the prosecution

3

may appeal the dismissal, and, as part of the appeal, challenge the underlying ruling." (*People v. Chacon* (2007) 40 Cal.4th 558, 564.)

The issues of which party bears the burden of proof in a trial and what that burden should be are questions of law. (See *People v. Neidinger* (2006) 40 Cal.4th 67, 73 (*Neidinger*).) Issues of law are reviewed de novo on appeal. (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1276.)

We first examine the law regarding how the burden of proof is generally allocated and quantified. We next analyze the MMB ordinance, and apply the general law to the ordinance.

A.     General Law on Proving Affirmative Defenses

The due process clause of the 14th Amendment requires that the prosecution prove every element of a criminal offense beyond a reasonable doubt. (*Mullaney v. Wilbur* (1975) 421 U.S. 684, 685.) But, this requirement only extends to the essential elements of a crime (*In re Winship* (1970) 397 U.S. 358, 361-364), and the government may constitutionally specify the defendant has the burden of proving a defense by a preponderance of the evidence. (*Martin v. Ohio* (1987) 480 U.S. 228, 233-234; *Patterson v. New York* (1977) 432 U.S. 197, 210; accord, *Neidinger*, *supra*, 40 Cal.4th at p. 74 ["Due process does not require that the state prove the nonexistence of a constitutionally permissible affirmative defense"].)

With respect to allocating the burden of proof, by examining the text and structure of a statute and applying the so-called rule of convenience, courts can readily determine which side bears the burden. (See *People v. Mower* (2002) 28 Cal.4th 457, 476-477 (*Mower*).) A statute may specifically provide which side must assert a defense. (See, e.g., Corp. Code, § 25163 [in a case involving illegal sale of a security, "the burden of proving an exemption or an exception from a definition [of an illegal sale] is upon the person claiming it"].) If it does, this usually settles the issue. If it does not, "[t]he rule of convenience and necessity declares that, unless it is 'unduly harsh or unfair,' the 'burden of proving an exonerating fact may be imposed on a defendant if its existence is "peculiarly" within his personal knowledge and proof of its

4

nonexistence by the prosecution would be relatively difficult or inconvenient.' [Citations.]" (*Mower*, *supra*, 28 Cal.4th at p. 477.)

When the burden of proof is allocated to the People, their burden generally requires proof beyond a reasonable doubt. (See *People v. Tewksbury* (1976) 15 Cal.3d 953, 964-965 (*Tewksbury*).) "The placement of the burden of proof . . . on the defendant . . . does not, however, resolve the more difficult question by what standard the burden is to be discharged." (*Id*. at p. 963.)

A statute's express placement of the burden of raising a defense on a defendant does not answer the question of how heavy the burden should be. A court may conclude the burden in such an instance is only to raise a reasonable doubt as to the defense's existence. (See *People v. Simon* (1995) 9 Cal.4th 493, 501 (*Simon*).) Further, "neither is the answer afforded by the rule of convenience and necessity . . . [because] the rule is just as consistent with requiring the defendant merely to raise a reasonable doubt[.] [Citations.]" (*Mower*, *supra*, 28 Cal.4th at p. 478.) When a determination is made the defendant bears the burden of proving an affirmative defense, a court must decide whether the defendant should be required to raise a reasonable doubt concerning the existence or nonexistence of a fact underlying the defense, or should he or she have to establish the facts by a preponderance of the evidence. (See *ibid*.; *Tewksbury*, *supra*, 15 Cal.3d at pp. 964-965.)

Most criminal statutes have been interpreted as requiring a defendant "merely to raise a reasonable doubt as to the underlying facts" with respect to defenses. (*Mower*, *supra*, 28 Cal.4th at p. 479.) The California Supreme Court explained this was required because, in such statutes, the defenses negated an element of the offense in question. (*Neidinger*, *supra*, 40 Cal.4th at pp. 75-76; *Mower*, *supra*, 28 Cal.4th at p. 480.) Requiring a defendant to prove the existence of an affirmative defense by a burden higher than merely raising a reasonable doubt an element has been negated would violate the "'cardinal rule in criminal cases that the burden rests on the prosecution to prove the offense beyond a reasonable doubt . . . , and [that] it is error to deprive an accused of the benefit of the doctrine of reasonable doubt by giving an instruction that he has

5

the burden of proving a defense by a preponderance of the evidence.' [Citation.]" (*People v. Sherow* (2011) 196 Cal.App.4th 1296, 1306 (*Sherow*), citing *People v. Hardy* (1948) 33 Cal.2d 52, 65.)

Such a requirement would also violate Evidence Code section 501. This section requires an assignment of the burden of proof in a criminal case be done in accord with Penal Code section 1096, which mandates that a defendant be proved guilty beyond a reasonable doubt. Evidence Code section 501 was intended to provide that, when the burden of proof is allocated to the defendant on an "'issue relating to the defendant's guilt, the defendant's burden, . . . is merely to raise a reasonable doubt as to his guilt. [Citation.]' [Citations.]" (*Mower*, *supra*, 28 Cal.4th at pp. 478-479, italics omitted; *Sherow*, *supra*, 196 Cal.App.4th at p. 1306.)

*Mower* explained application of the principle regarding three defenses which negate elements of crimes: "the defense of possession of a dangerous or restricted drug with a physician's prescription, against a charge of unlawful possession of such a drug [citation]; the defense of lawful acquisition of a hypodermic needle or syringe, against a charge of unlawful possession of such an item [citation]; and the defense of prescribing narcotics to an addict under lawful conditions, against a charge of unlawfully prescribing such substances to such a person [citation]. Such defenses relate to the defendant's guilt or innocence *because they relate to an element of the crime in question*. Thus, the defense of possession of a dangerous or restricted drug with a physician's prescription negates the element of *unlawful* possession of such a drug; the defense of lawful acquisition of a hypodermic needle or syringe negates the element of *unlawful* possession of such an item; and the defense of prescribing narcotics to an addict under lawful conditions negates the element of *unlawfully* prescribing such substances to such a person." (*Mower*, *supra*, 28 Cal.4th at pp. 479-480, italics in original.)

In contrast, some defenses do not negate an element of the crime, and they are available for reasons collateral to a defendant's guilt or innocence. With such a defense, a defendant is required to prove the defense by a preponderance of the evidence. (*Mower*, *supra*, 28 Cal.4th at p. 480.) "The most prominent [such defense] is the defense of entrapment[] [citation] . . .

6

[which] 'is not based on the defendant's innocence . . . [but rather is designed] . . . as a control on illegal police conduct "out of regard for [the court's] own dignity, and in the exercise of its power and the performance of its duty to formulate and apply proper standards for judicial enforcement of the criminal law."' [Citation.]" (*Ibid.*) Since such a defense does not negate any element of the crime in question, and is in place for policy considerations apart from a defendant's culpability, there is no impediment to placing the burden on the defendant to prove the defense by a preponderance of the evidence. (See *ibid.*; *Neidinger*, *supra*, 40 Cal.4th at p. 76.)

*Mower* held a defendant need only prove the defense in its case—obtaining or using marijuana for medical purposes upon the recommendation of a physician (Health & Saf. Code, § 11362.5, subd. (d))—by raising a reasonable doubt as to its existence. Health and Safety Code section 11357 makes it a crime to possess marijuana "[e]xcept as authorized by law," and Health and Safety Code section 11358 makes it a crime to cultivate marijuana "except as otherwise provided by law." Health and Safety Code section 11362.5, subdivision (d), provides, "[Health and Safety Code, s]ection 11357, relating to the possession of marijuana, and [Health and Safety Code, s]ection 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." *Mower* found the defense in Health and Safety Code section 11362.5, subdivision (d), "relates to an element of the crime of possession or cultivation of marijuana . . . [because] . . . this defense negates the element of the possession or cultivation of marijuana to the extent that the element requires that such possession or cultivation be unlawful." (*Mower*, *supra*, 28 Cal.4th at p. 482, italics omitted.) The defense was not provided for reasons collateral to defendant's guilt, such as "entrapment, which is 'not based on the defendant's innocence' in any way [citation]" and is available for policy reasons. (*Id.* at p. 483.)

B.     The MMB Ordinance

Defendants were charged with violations of the MMB ordinance (LAMC, § 45.19.6.2, subd. A) and with the operation of the MMB constituting an unpermitted use of land (LAMC, § 12.21, subd. A.1(a)). We only examine the MMB ordinance and its affirmative defense (LAMC, § 45.19.6.3), because, if the case had proceeded to trial and defendants had established the defense to violating LAMC section 45.19.6.2, their use of land would not have been unpermitted and they would thereby have been acquitted of violating LAMC section 12.21, subdivision A.1(a).

LAMC section 45.19.6.2, subdivision A, in a section titled "Prohibited Activities," provides, "It is unlawful to own, establish, operate, use, or permit the establishment or operation of a [MMB], or to participate as an employee, contractor, agent or volunteer, or in any other manner or capacity in any [MMB]."

An MMB is defined as either "(1) Any location where marijuana is cultivated, processed, distributed, delivered, or given away to a qualified patient, a person with an identification card, or a primary caregiver. [¶] (2) Any vehicle or other mode of transportation, stationary or mobile, which is used to transport, distribute, deliver, or give away marijuana to a qualified patient, a person with an identification card, or a primary caregiver." (LAMC, § 45.19.6.1, MMB Definition.) Specifically excluded from the definition of an MMB are a "dwelling unit where a maximum of three (3) or fewer qualified patients, persons with an identification card, and/or primary caregivers process or associate to collectively or cooperatively cultivate marijuana on-site"; "[a]ny location during only that time reasonably required for a primary caregiver to distribute, deliver, or give away marijuana to a qualified patient or person with an identification card"; specified licensed clinics and hospices; and vehicles being used by qualified persons to transport medical marijuana. (*Ibid*.)

Following the definitions and the provision making it "unlawful to own, establish, operate, use, or permit the establishment or operation of a [MMB]" is a section titled "Limited Immunity," which states, "Notwithstanding the activities prohibited by this Article, and notwithstanding that [MMB] is not and shall not become a permitted use in the City for so long

8

as this Article remains in effect, a [MMB] shall not be subject to the remedies set forth in Los Angeles Municipal Code Sections 11.00 or 12.27.1 solely on the basis of: (1) an activity prohibited by Section 45.19.6.2; and (2) the fact that [MMB] is not a permitted use in the City, provided however that, as authorized by California Health and Safety Code Section 11362.83, this limited immunity is available and may be asserted as an affirmative defense only so long as subdivisions A through D and G through O of this Section 45.19.6.3 remain in effect in their entirety, only by a [MMB] at the one location identified in its original or any amended business tax registration certificate issued by the City, and only if that [MMB] does not violate any of the following [MMB] restrictions." (LAMC, § 45.19.6.3.)

The ordinance then lists in LAMC section 45.19.6.3, subdivisions A through O, restrictions for assertion of the defense. Under these subdivisions, a defendant charged with a violation of LAMC section 45.19.6.2 is barred from asserting the defense if the MMB: (A) was not in operation by September 14, 2007, as evidenced by a business tax registration or tax exemption certificate issued on or before November 13, 2007; (B) did not register in accordance with all requirements of the City's Interim Control Ordinance 179,027; (C) did not provide notification of its intent to register under Medical Marijuana Ordinance 181,069; (D) ceased operation at the location set forth in its original or amended business tax registration or tax exemption certificate; (E) failed to obtain a business tax registration for taxation as a medical marijuana collective in 2011 or 2012, and did not renew the registration within 90 days of the effective date of Proposition D; (F) had an unpaid tax obligation that is not paid in full; (G) remained open and/or operating between 8:00 p.m. and 10:00 a.m.; (H) where marijuana and/or alcohol were consumed at the MMB; (I) allowed a minor unaccompanied by a parent or legal guardian to enter; (J) where marijuana was visible from the exterior of the MMB; (K) illuminated the MMB by specified lighting visible from the exterior of the premises; (L) was within a specified distance of land zoned residential; (M) failed to identify its managers to the City Clerk by October 31 each year and whose managers did not pass and publicly display at the MMB the results of an annual LAPD LiveScan background check; (N) had one or more

9

managers who were also managers of another MMB in the City; or (O) was located within a specified distance of a school, public park, public library, religious institution, child care facility, youth center, alcoholism, drug abuse recovery or treatment facility, or other MMB. All enumerated restrictions must be satisfied for the MMB to be eligible for the defense. (*Trinity Holistic Caregivers, Inc.*, *supra*, 239 Cal.App.4th at p. Supp. 16.)

C.      Application of the General Law to the Ordinance

        *A defendant has the burden*

        The MMB ordinance in multiple places states a defendant owning or operating an MMB must *assert* the defense. The statute provides, "[T]his limited immunity is available and may be *asserted* as an affirmative defense only so long as subsections A. through D. and G. through O. of this Section 45.19.6.3 remain in effect in their entirety, only by a [MMB] at the one location identified in its original or any amended business tax registration certificate issued by the City . . . ." (LAMC, § 45.19.6.3, italics added.) It further provides, "In the event that two or more [MMB's] are located within a 600-foot radius of one another, only the [MMB] with the earliest issuance date on a City business tax registration or tax exemption certificate for its operation at the location may *assert* the limited immunity provided by this Article." (LAMC, § 45.19.6.3, subd. O, italics added.) It also states, "The distance requirements set forth in this subsection shall not apply to: . . . defeat the limited immunity claim of a [MMB] that is otherwise entitled to *assert* the limited immunity provided by this Article if it moves within 180 days after the effective date of this Article to a location that does not violate the distance requirements . . . ." (*Ibid.*, italics added.) This indicates the intent was to have a defendant prove the defense.

        In addition, "'"[i]t is well established that where a statute first defines an offense in unconditional terms and then specifies an exception to its operation, the exception is an affirmative defense to be raised and proved by the defendant."' [Citations.]" (*Neidinger*, *supra*, 40 Cal.4th at p. 75.) Here, the offense is defined in unconditional terms in LAMC section 45.19.6.2, subdivision A, in a section titled "Prohibited Activities," and is then followed by the exception titled "Limited Immunity" in LAMC section 45.19.6.3. The structure of the law

10

criminalizing conduct and its affirmative defense shows the intent was to have a defendant prove the defense.

Also, the rule of convenience supports placing the burden on the defense. At one end of the spectrum, there are requirements for the defense that are "peculiarly" within a defendant's personal knowledge. (See *Mower*, *supra*, 28 Cal.4th at p. 477.) For example, a defendant owning or operating an MMB is singularly in the best position to assert the MMB did not cease operation at the location set forth in its original or amended business tax registration or tax exemption certificate (LAMC, § 45.19.6.3, subd. D), and a defendant may also be the only person or entity able to establish the MMB does not employ one or more managers who are also managers of another MMB in the City (LAMC, § 45.19.6.3, subd. N). On the other end, there are requirements which can easily be proved by the prosecution, such as the bar to remaining open and/or operating between 8:00 p.m. and 10:00 a.m., where marijuana was visible from the exterior of the MMB, and when the MMB was illuminated by specified lighting visible from the exterior of the premises. (LAMC, § 45.19.6.3, subds. G, J, K.) There are also requirements which fall somewhere in the middle, where a defendant is in the best position to establish them, but the prosecution may also be able to prove them without difficulty and inconvenience by checking records (see, e.g., LAMC, § 45.19.6.3, subds. A [being in operation by September 14, 2007, as evidenced by a business tax registration or tax exemption certificate]; B [having registered in accordance with all requirements of the City's Interim Control Ordinance 179,027]; C [providing notification of its intent to register under Medical Marijuana Ordinance 181,069]), or by measuring distances from the MMB to specified locations (see, e.g., LAMC, § 45.19.6.3, subds. L, O).

Not all requirements in LAMC section 45.19.6.3, subdivisions A through O, are such that their existence is "peculiarly" within a defendant's personal knowledge and proof of their existence or nonexistence by the prosecution "would be relatively difficult or inconvenient." (*Mower*, *supra*, 28 Cal.4th at p. 477.) But, some requirements fall squarely within this category. Since all requirements must be satisfied in order for the affirmative defense to apply (*Trinity*

11

*Holistic*, *supra*, 239 Cal.App.4th at p. Supp. 16), the rule of convenience therefore appears to militate for placing the burden on a defendant to prove *all* the requirements in LAMC section 45.19.6.3, subdivisions A through O. Although numerous, the requirements of the affirmative defense can be established through evidence such as the MMB's records and the testimony of its operators regarding its hours of operation and not allowing prohibited activities to occur. The rule of convenience allows allocating the burden in this manner because it would not be "unduly harsh or unfair to place the burden of proving those facts on defendant." (*Neidinger*, *supra*, 40 Cal.4th at p. 74.)

Moreover, the rule of convenience is but one interpretative tool a court uses to determine whether a defendant has the burden of proving a defense. (See *Neidinger*, *supra*, 40 Cal.4th at p. 74; *Mower*, *supra*, 28 Cal.4th at p. 477.) Even if the rule of convenience by itself did not require the burden be placed on a defendant because not all of the LAMC section 45.19.6.3 requirements are particularly within a defendant's knowledge, we still conclude a defendant should bear the burden. Both the statute's language requiring a defendant must assert the defense and the structure of the law convince us the burden should be placed on a defendant to prove the defense.

*The burden is on a defendant to prove the defense by a preponderance of the evidence*

The bar against MMB's makes it "unlawful to own, establish, operate, use, or permit the establishment or operation of a [MMB], or to participate as an employee, contractor, agent or volunteer, or in any other manner or capacity in any [MMB]." (LAMC, § 45.19.6.2.) None of the requirements in the LAMC section 45.19.6.3 defense negate any of the elements of LAMC section 45.19.6.2. Also, the LAMC section 45.19.6.3 requirements do not serve to eliminate the definition of an MMB in LAMC section 45.19.6.1. The definitions provided in the statute are absolute, stating no exceptions, such as to locations where marijuana is cultivated, processed, distributed, delivered, or the number of qualified patients which may be involved with marijuana to be considered an MMB. (See LAMC, § 45.19.6.1, MMB Definition.)

12

Unlike the statute which makes sale of a specified security illegal "unless such security or transaction is exempted" (Corp. Code, § 25110), so that a defendant need only raise a reasonable doubt as to the existence of an exception (see *Simon*, *supra*, 9 Cal.4th at p. 501), there is no mention in LAMC section 45.19.6.2 of any exception. The statutes examined by *Mower* provided "unlawful" possession of a drug, "unlawful" possession of a hypodermic needle or syringe a crime, and "unlawfully" prescribing narcotics to an addict were crimes. (See *Mower*, *supra*, 28 Cal.4th at pp. 479-480.) In those statutes, the defense of having a prescription for the drug, lawfully possessing the items, and prescribing narcotics to an addict under lawful conditions negated "the element of *unlawfully* prescribing such substances to such a person," and thus required only a reasonable doubt be raised as to the defense. (*Ibid.*, italics in original.) But here, LAMC section 45.19.6.2 does not provide that its ban on MMB's applies only when its described activities are otherwise "unlawful." Thus, the affirmative defense in LAMC section 45.19.6.3 does not negate any element of "unlawfulness."

Similarly, the laws at issue in *Mower* made it a crime to possess marijuana "[e]xcept as authorized by law" (Health & Saf. Code, § 11357), and to cultivate marijuana "except as otherwise provided by law" (Health & Saf. Code, § 11358). The defense which made those acts noncriminal in specified situations (Health & Saf. Code, § 11362.5, subd. (d)) "negate[d] the element of the possession or cultivation of marijuana to the extent that the element requires that such possession or cultivation be unlawful" (*Mower*, *supra*, 28 Cal.4th at p. 482, italics omitted), thereby requiring a defendant only raise a reasonable doubt as to the defense. Nowhere in LAMC section 45.19.6.2 does it state its ban applies "except as authorized by law" or "except as otherwise provided by law."

Finally, availability of the affirmative defense appears to have been intended for a purpose collateral to a defendant's guilt or innocence: to allow patients access to medical marijuana despite the deleterious impact of MMB's on the community.

Because the statute created limited immunity for some MMB's, it is evident voters did not intend to ban all MMB's in the City. In this regard, the statute itself stated that its purpose

13

was to enact an ordinance that granted limited immunity for MMB's which satisfied restrictions in the ordinance. (LAMC, § 45.19.6.) Yet, the statute's stated intent was also to "stem the negative impacts and secondary effects associated with the *ongoing* [MMB's] in the City." (*Ibid.*, italics added.) These impacts and secondary effects included "the extraordinary and unsustainable demands that have been placed upon scarce City policing, legal, policy, and administrative resources; neighborhood disruption, increased transient visitors, and intimidation; the exposure of school-age children and other sensitive residents to medical marijuana; drug sales to both minors and adults; fraud in issuing, obtaining or using medical marijuana recommendations; and murders, robberies, burglaries, assaults, drug trafficking and other violent crimes." (*Ibid.*; accord, *Optimal Global Healing*, *supra*, 2015 Cal.App. Lexis 1003, at pp. *22-23.) "The voters thus found *all* ongoing MMB's, whether or not they qualified for limited immunity, had the potential for deleterious impact and secondary effects on the community." (*Trinity Holistic*, *supra*, 239 Cal.App.4th at p. Supp. 21.)

The affirmative defense was created for reasons unrelated to the culpability of owners and operators of an MMB. It was meant to allow a limited number of MMB's to exist—despite the negative consequences of their operation—so that medical marijuana would be available to qualified patients.

The affirmative defense in this respect is like the defense of entrapment, which "is not based on the defendant's innocence" and exists for policy reasons. (*Mower*, *supra*, 28 Cal.4th at p. 480.) Other defenses which exist for reasons collateral to a defendant's guilt or innocence include "the defense of momentary handling of a controlled substance for the sole purpose of disposal, against a charge of possession of such a substance [citations]; and the defense of necessity against a charge of escape from lawful custody [citations]. These are defenses that[, like the affirmative defense to the MMB ordinance,] 'for reasons of public policy[,] insulate the accused notwithstanding the question of his [or her] guilt.' [Citation.]" (*Sherow*, *supra*, 196 Cal.App.4th at p. 1307.)

14

*Sherow* held a defendant need only raise a reasonable doubt as to the existence of a consent defense to a burglary charge because the defense was not available for a reason collateral to guilt, negated the element of entry in the burglary statute, and "therefore [went] to the heart of a defendant's guilt or innocence of the crime." (*Id*. at p. 1309.)  In contrast, the affirmative defense of complying with all of the LAMC section 45.19.6.3 requirements was provided for the public policy reason of making medical marijuana available to qualified patients by a limited number of MMB's, did not negate any element of the crime, and did not go "to the heart" of defendants' guilt or innocence of violating LAMC section 45.19.6.2.

The trial court erred in allowing defendants to establish the affirmative defense by raising a reasonable doubt as to its existence.  Accordingly, the People are entitled to a reversal of the order dismissing the case.  (See *People v. Chacon*, *supra*, 40 Cal.4th at p. 564.)

IV.  *DISPOSITION*

The order dismissing the case is reversed.


_____
RICCIARDULLI, J.

We concur:


_____
KUMAR, Acting P. J.


_____
B. JOHNSON, J.

15