Filed 8/20/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES


| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BR 051841 |
| | ) | |
| Plaintiff and Respondent, | ) | (Central Trial Court |
| | ) | No. 3CA08520) |
| | ) | |
| v. | ) | |
| | ) | |
| TRINITY HOLISTIC CAREGIVERS, INC. et al., | ) | |
| | ) | |
| Defendants and Appellants. | ) | **OPINION** |
| | ) | |

APPEAL from a Judgment of the Superior Court of Los Angeles County, Central Trial Court, Melissa Widdifield, Judge. Affirmed.

David R. Welch for Defendants and Appellants Trinity Holistic Caregivers, Inc. and Nicholas Ruben Frost.

Michael N. Feuer, City Attorney, Asha Greenberg, Assistant City Attorney, and John R. Prosser, Deputy City Attorney, for Plaintiff and Respondent People of the State of California.

\*        \*        \*

1

## I. *INTRODUCTION*

On May 21, 2013, the voters of the City of Los Angeles (City) approved Proposition D, a measure placed on the ballot by the City Council to regulate medical marijuana businesses (MMB's). (See City Ordinance No. 182,580.) This measure superseded previous City laws concerning MMB's, and enacted Los Angeles Municipal Code (LAMC) section 45.19.6.2, subdivision A, making it a misdemeanor to "own, establish, operate, use, or permit the establishment or operation of a [MMB] . . . ."

Proposition D also enacted LAMC section 45.19.6.3, which provides limited immunity from prosecution for violating LAMC section 45.19.6.2. In order to qualify for this limited immunity, among other things, the MMB was required to legitimately be in operation as of the September 14, 2007 effective date of City Interim Control Ordinance No. 179,027 (ICO)—an ordinance which previously regulated the operation of MMB's. (LAMC, § 45.16.6.3, subds. A & B.)

Here, we interpret two restrictions on the applicability of the limited immunity: (1) LAMC section 45.19.6.3, subdivision B, which requires that the MMB have registered with the City Clerk in 2007 in compliance with the ICO; and (2) LAMC section 45.19.6.3, subdivision O, which bars an MMB from being located within a 600-foot radius of designated sites, including any other MMB.

Defendants Trinity Holistic Caregivers, Inc. and Nicholas Ruben Frost appeal the judgment following their conviction of operating an unlawful MMB. Defendants contend the judgment should be reversed because the trial court erred in barring them from presenting an LAMC section 45.19.6.3 limited immunity affirmative defense. As discussed below, we affirm.

Defendants did not satisfy LAMC section 45.19.6.3, subdivision B, because they failed to provide the City with all the materials necessary to show their storefront MMB was open for

business as of the ICO's effective date.  They also did not satisfy LAMC section 45.10.6.3, subdivision O, because their MMB was located within 600 feet of another MMB, and this condition disqualified defendants even though the other MMB was not itself entitled to assert statutory immunity.

## II.  *FACTUAL AND PROCEDURAL BACKGROUND*

On October 28, 2013, defendants were each charged with two misdemeanor counts of operating an unlawful MMB in violation of LAMC section 45.19.6.2, subdivision A, on the dates of August 29 and August 30, 2013.  They were also each charged with two misdemeanor counts of violating LAMC section 12.21, subdivision A.1(a), based on their unpermitted use of land in operating the MMB on the same two dates.  They pled not guilty, and after a number of continuances, the case was set for jury trial.

Prior to the start of trial, the People filed in limine motions requesting the court bar defendants from asserting the affirmative defense of limited immunity.  The court granted the People's request, determining limited immunity was inapplicable.  The court found defendants failed to register their MMB in 2007 in accordance with the ICO, as required by LAMC section 45.19.6.3, subdivision B, because they did not submit to the City Clerk a property lease and business insurance dated before September 14, 2007.  The court also found defendants failed to comply with the proximity prohibition of LAMC section 45.19.6.3, subdivision O, because their MMB was located within 600 feet of another MMB.

Following the court's rulings, defendants and the People waived their right to jury trial, and agreed to a court trial based on stipulated facts.  The People and defendants stipulated that on August 29 and August 30, 2013, defendants operated and used an MMB in violation of LAMC section 45.19.6.2, subdivision A, and this constituted a nonpermitted use under LAMC section 12.21, subdivision A.1(a).  The parties further stipulated that prior to December 17, 2013, defendants' MMB was located at 131 East Third Street in the City and this location was within

3

600 feet of a public library and childcare facility, and on December 17, 2013, defendants' MMB moved to 1570 South Western Avenue, Unit No. 102, in the City, which was within 600 feet of the Southern California Care Collective (SCCC) MMB. It was also stipulated the SCCC MMB was issued a business tax registration certificate by the City on May 16, 2013, but it was not entitled to LAMC section 45.19.6.3 limited immunity, and defendants' MMB at the South Western Avenue location was issued a business tax registration certificate on December 17, 2013.

After the court received the stipulations, defendants requested to present evidence of their affirmative defense under LAMC section 45.19.6.3, and the court, in accord with its previous ruling on the People's in limine motions, denied the request. The court found defendants guilty of the charges in the complaint, and imposed a probationary sentence.

## III. *DISCUSSION*

California law allows medical marijuana dispensaries to be lawfully operated notwithstanding California statutes which otherwise make the possession, transportation, and sale of marijuana a criminal act. (See Health & Saf. Code, §§ 11362.5, subds. (d) & (e), 11362.7, subds. (c)-(f), 11362.775.) California law also allows cities and counties to regulate the existence and operation of dispensaries. (See *City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc., et al*. (2013) 56 Cal.4th 729, 737-738.) The qualifications of defendants' MMB as a lawful dispensary under state law, and the City's power to regulate or outlaw the MMB under LAMC section 45.19.6.2, subdivision A, are not at issue in this case.

Contrary to defendants' contentions on appeal, the trial court did not abuse its discretion in conducting a hearing prior to trial regarding the availability of the defense (see Evid. Code, § 402, subd. (b); *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1157-1158), and defendants' right to a jury trial was not violated thereby (see *People v. Lucas* (1995) 12 Cal.4th 415, 466-467).

4

In the trial court, the availability of the affirmative defense of limited immunity to prosecution (LAMC, § 45.19.6.3) turned on the legal construction of statutes which did not depend on disputed facts. The question is, based on the undisputed facts presented in the trial court and the construction of the two disqualifying factors, whether LAMC section 45.19.6.3's immunity applied. That is, whether defendants' failure to register their MMB in accordance with the ICO and its proximity to another MMB (LAMC, § 45.19.6.3, subds. B & O) disqualified them from asserting the statutory immunity. We exercise de novo review of these issues. (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1276; *People v. Conley* (2004) 116 Cal.App.4th 566, 573, fn. 6.)

A.     LAMC Section 45.19.6.3, Subdivision B's Disqualifying Factor

Limited immunity from prosecution under LAMC section 45.19.6.2, subdivision A, is unavailable as an affirmative defense where the MMB violates any of 15 restrictions set forth in LAMC section 45.19.6.3. As pertinent to the instant case, LAMC section 45.19.6.3, subdivision B, provides: "Every [MMB] is prohibited that did not register with the City Clerk by November 13, 2007 in accordance with all the requirements of the City's [ICO]."

The ICO went into effect on September 14, 2007. (See *420 Caregivers, LLC v. City of Los Angeles* (2012) 219 Cal.App.4th 1316, 1326.) The ordinance banned any person or entity from establishing or operating a "Medical Marijuana Dispensary" for a period of one year from its effective date, or until a permanent ordinance was adopted. (See ICO, § 2. The term "Medical Marijuana Dispensary" was defined by ICO, § 1 to include "any use, facility or location, including but not limited to a retail store, office building, or structure that distributes, transmits, gives, dispenses, facilitates or otherwise provides marijuana in any manner, in accordance with State law . . . .")

Section 3 of the ICO created an exception to the ban, stating in relevant part: "The prohibitions specified in Section 2 of this ordinance shall not apply to any Medical Marijuana

Dispensary established before the effective date of this ordinance and operated in accordance with State law, if the owner or operator of the Medical Marijuana Dispensary complies with the following requirements: [¶] A. File the form, designated by the Office of the City Clerk, and the following documentation with the Office of the City Clerk within 60 days of the adoption of the Interim Control Ordinance: City of Los Angeles Tax Registration Certificate, State Board of Equalization seller's permit, property lease, business insurance, and dispensary membership forms and, if needed, Los Angeles County Health Department permit.  If the 60th day falls on a Saturday, Sunday or holiday, the filing deadline will be extended to 5:00 pm on the next business day.  [¶] B. This exception only applies to a facility that otherwise meets all requirements of the LAMC and is open for business on the effective date of this ordinance."

On November 13, 2007, defendants filed with the City Clerk the designated form and accompanying documents.  The form indicated they were registering their MMB located on East Third Street.  Included were a City tax registration certificate for "retail sales," issued August 11, 2007, with a "start date" of June 25, 2007 and an address at 11400 West Olympic Boulevard, Suite 200, in the City, and a state Board of Equalization seller's permit dated June 25, 2007, with the West Olympic Boulevard address; a property lease for the East Third Street location, dated September 24, 2007; a certificate of business liability insurance for the East Third Street location, dated October 23, 2007; and blank dispensary membership forms.  A letter accompanying the documents explained that after obtaining their business license, defendants' MMB moved from West Olympic Boulevard to East Third Street.  The City did not accept the forms, and refused to certify defendants' MMB because it found the business liability insurance and property lease were dated after September 14, 2007.

In interpreting the immunity in LAMC section 45.19.6.3, we seek to ascertain the intent of the voters by first examining the statute's """"words themselves because the statutory language is generally the most reliable indicator of legislative intent.  [Citation.]  The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory

6

context." [Citation.] If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls.' [Citation.]" (*People v. King* (2006) 38 Cal.4th 617, 622.)

LAMC section 45.19.6.3 makes no mention that the documentation required by the ICO had to be *dated* prior to the effective date of the ICO. The only requirement in LAMC section 45.19.6.3, subdivision B, is that the MMB had to "register with the City Clerk by November 13, 2007, in accordance with all the requirements of the City's [ICO]," and the only specified deadline contained in the ICO is with regard to the filing requirement—that the form and accompanying documentation must be *filed* "with the Office of the City Clerk within 60 days of the adoption of the [ICO]." (ICO, § 3.A.) Defendants' form and documents were, in fact, filed with the City Clerk on November 13, 2007, within the 60-day deadline from the ICO's September 14, 2007 effective date.

Nonetheless, section 3 of the ICO specified that the exception to the ban only applied when the MMB complied with the enumerated requirements, including that the facility must be "open for business on the effective date of this ordinance" (ICO, § 3.B). Therefore, documents filed pursuant to ICO section 3.A necessarily had to pertain to the "use, facility or location" (ICO, § 1) which was open for business and operational as of September 14, 2007.

Defendants sought an exemption for their dispensary located on East Third Street. But the documents filed by defendants did not demonstrate this particular medical marijuana dispensary was open for business as of September 14, 2007. Indeed, at trial, it was undisputed that prior to September 14, 2007, defendants operated a mobile MMB, which had its base of operations at West Olympic Boulevard, and after September 14, 2007, they opened a storefront MMB at the East Third Street address. While an exemption may have been available for their mobile MMB, defendants did not submit a registration form and all the required documents to register that MMB.

To the extent there is any ambiguity as to the documents that were required to be

7

submitted to the City under ICO section 3.A, we consult the legislative intent expressed in the prefatory language of the ordinance. (See *People v. King*, *supra*, 38 Cal.4th at p. 622 ["if the statutory language may reasonably be given more than one interpretation, ""'courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, . . . and the statutory scheme encompassing the statute'""""].) It states, "this [ICO] is designed to prevent new Medical Marijuana Dispensaries, while an inter-departmental task force, led by the Planning Department, crafts an ordinance to regulate medical marijuana dispensaries and establish viable regulations." (Italics added.) The express purpose of the ICO was to place a moratorium on new MMB's and to create an exception to the ban only for businesses that were open as of September 14, 2007. In construing a statute, we """""select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute . . . .""""" (*People v. Maldonado* (2005) 134 Cal.App.4th 627, 633.) Because no new uses, facilities, or locations were allowed after September 14, 2007, the documents submitted as part of the registration process had to pertain to an existing business that was open as of September 14, 2007. Defendant failed to meet this requirement by submitting documents for a storefront business (at the East Third Street address) that was not open for business as of September 14, 2007.

We reject defendants' argument they qualified for limited immunity because they substantially complied with the ICO. """"Substantial compliance means '"actual compliance in respect to the substance essential to every reasonable objective of the statute," as distinguished from "mere technical imperfections of form."'" [Citation.]'" (*People v. Hoag* (2000) 83 Cal.App.4th 1198, 1208.) The essential inquiry is whether, under the circumstances, the policies underlying the document requirement were served. (See *People v. Carroll* (2014) 222 Cal.App.4th 1406, 1420-1421 ["substantial compliance may suffice in some circumstances if the purpose of the statute is satisfied"].)

The substantial compliance doctrine has no application here. The documents submitted by

8

defendants pertained to a business open after the September 14, 2007 cutoff, and registration of such an MMB would have frustrated the purpose of the ICO to freeze the status of all MMB's as of September 14, 2007, in order to allow the City time to assess how best to permanently regulate MMB's. Nothing in the ICO suggests that the filing requirement was pointless or optional. (See *People v. Carroll*, *supra*, 222 Cal.App.4th at p. 1422.) Indeed, the documents required by the City were critical to substantiating that all MMB's registered with the City were in fact open and operational as of the September 14, 2007 deadline. Thus, it cannot be said defendants substantially complied with the ICO by submitting documents which failed to demonstrate their East Third Street MMB was open as of the cutoff date.

B.      LAMC Section 45.19.6.3, Subdivision O's Disqualifying Factor

Section 45.19.6.3, subdivision O, of the LAMC provides, in relevant part, "Every [MMB] is prohibited that is located within a 1,000-foot radius of a school, or within a 600-foot radius of a public park, public library, religious institution, child care facility, youth center, alcoholism, drug abuse recovery or treatment facility, or other [MMB]."

Defendants' East Third Street MMB was located within 600 feet of a public library and a childcare facility. Yet, its proximity to these sites would have only disqualified defendants from immunity if its subsequent location on South Western Avenue also violated the distance prohibition. (See LAMC, § 45.19.6.3, subd. O [distance prohibition inapplicable where the MMB "moves within 180 days after the effective date of this Article to a location that does not violate the distance requirements"].)

The disqualifying factor at issue was the South Western Avenue site being located within 600 feet of the SCCC MMB. LAMC section 45.19.6.3, subdivision O, provides, "in the event that two or more [MMB's] are located within a 600-foot radius of one another, only the [MMB] with the earliest issuance date of a City business tax registration or tax exemption certificate for its operation at the location may assert the limited immunity provided by this Article." The

9

SCCC MMB's business tax registration certificate was issued by the City on May 16, 2013, which was earlier than the business tax registration certificate issued for defendants' MMB on December 17, 2013. Hence, the priority provision did not save defendants' immunity defense.

Defendants argue their MMB's proximity to the SCCC MMB should not disqualify them from immunity because the latter was not entitled to immunity under LAMC section 45.19.6.3. We disagree. The clear terms of LAMC section 45.19.6.3 do not impose a requirement that the other MMB must be eligible for immunity in order for the proximity restriction to apply. The terms of the statute only specify disqualification occurs when an MMB "is located . . . within a 600-foot radius of a . . . other [MMB]." The statute defines an MMB to include, "Any location where marijuana is cultivated, processed, distributed, delivered, or given away to a qualified patient, a person with an identification card, or a primary caregiver." (LAMC, § 45.19.6.1, subd. A, "Medical marijuana business," (1).) Nothing in the definition requires the other MMB within LAMC section 45.19.6.3's 600-foot radius to be one which qualifies for immunity.

Defendants argue that under the rule of lenity, we should add to the statute that an MMB is disqualified by its proximity to another MMB only if the other MMB qualified for immunity. However, because the statute is not ambiguous regarding whether the other MMB within the 600-foot radius must be eligible for immunity, the rule of lenity does not apply. (See *People v. Farell* (2002) 28 Cal.4th 381, 394 [rule of lenity only invoked when """"two reasonable interpretations of the same provision stand in relative equipoise""""].) Moreover, inserting a qualification for MMB's referred to in section 45.19.6.3, subdivision O, of the LAMC would "'violate the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citation.]'" (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)

We agree with defendants that "'it is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations.]" (*People v. Pieters* (1991) 52

10

Cal.3d 894, 898-899.) According to defendants, disqualifying an otherwise compliant MMB due to its proximity to another MMB which did not qualify for immunity would be absurd because it would defeat the voters' intent to make marijuana available for medical purposes. We do not perceive any absurd result from reading the statute to mean what it says, that the disqualifying factor applies when an MMB "is located . . . within a 600-foot radius of a . . . other [MMB]," with no further requirement that the other MMB be one which qualified for immunity.

Because the statute created limited immunity for some MMB's, it is evident voters did not intend to ban all MMB's in the City. In this regard, the statute itself stated that its purpose was to enact an ordinance that granted limited immunity for MMB's which satisfied restrictions in the ordinance. (LAMC, § 45.19.6.) Yet, the statute's stated intent was also to "stem the negative impacts and secondary effects associated with the *ongoing* [MMB's] in the City." (*Ibid.*, italics added.) These impacts and secondary effects included "the extraordinary and unsustainable demands that have been placed upon scarce City policing, legal, policy, and administrative resources; neighborhood disruption, increased transient visitors, and intimidation; the exposure of school-age children and other sensitive residents to medical marijuana; drug sales to both minors and adults; fraud in issuing, obtaining or using medical marijuana recommendations; murders, robberies, burglaries, assaults, drug trafficking and other violent crimes." (*Ibid.*)

The voters thus found *all* ongoing MMB's, whether or not they qualified for limited immunity, had the potential for deleterious impact and secondary effects on the community. If one MMB in an area has undesirable impacts and secondary effects, it stands to reason that two or more concentrated in the same area would generate even more such results. Prohibiting an MMB from being located within 600 feet of an MMB which did not qualify for immunity is not absurd or irrational, because reducing the absolute number of MMB's in an area helps to stem the negative repercussions associated with MMB's.

Defendants argue this interpretation of the statute is absurd because it may be impossible

11

for an MMB to know, when it opens in a location, that there is an ineligible MMB located within 600 feet. Defendants point out ineligible MMB's could even include those that are undetectable in dwelling units where as few as four persons process and cultivate medical marijuana (see LAMC, § 45.19.6.1, subd. A(3)(a) [indicating an MMB does not include a dwelling unit wherein a maximum of three or fewer qualified persons process or cultivate medical marijuana]).

We need not decide the consequences of an undetectable MMB being located in proximity to an otherwise eligible MMB. In the present case, the SCCC MMB, although ineligible for LAMC section 45.19.6.3 immunity, was issued a business tax registration certificate by the City, and information such as its business address was subject to public disclosure. (See<http://finance.lacity.org/ [as of August 18, 2015] ["Non-financial information such as name, business address, etc., contained in your [City] tax and permit records, is subject to public disclosure under provisions of the California Public Records Act, Government Code Section 6250 et seq."].) Thus, defendants could have discovered whether there was another MMB located within 600 feet of their South Western Avenue site.

Defendants also argue, if it was not required that the other MMB was one which qualified for immunity, an absurd result would ensue because even a closed and nonoperational MMB within a 600-foot radius would "forever" and "permanently" disqualify the otherwise qualified MMB from obtaining immunity. We reject the argument.

The statute does not specifically state whether an illegal MMB which has been closed would serve to disqualify an otherwise eligible MMB from being located within 600 feet. The statute bars an MMB from being located "within a 600-foot radius of a . . . other [MMB]." (LAMC, § 45.19.6.3, subd. O.) Yet, it is implicit in the statute's terms that the "other [MMB]" referred to in its provisions excludes one which is no longer operational. The statute is meant to address the negative impacts and secondary effects associated with "*ongoing* [MMB's] in the City." (LAMC, § 45.19.6, italics added.) A closed MMB does not have the undesirable impacts

12

and secondary effects enumerated in the statute; it would not be frequented by transient visitors, expose children and others to illegal drug sales, or increase the number of violent crimes in the area.  (See *ibid*.)  In light of the statute's stated purposes, we interpret the "other [MMB]" to refer to an *operational* MMB, not one which was closed.  (See *People v. King*, *supra*, 38 Cal.4th at p. 622 [court may consult statute's stated intent in interpreting ambiguous terms].)  Therefore, an MMB would not be disqualified from immunity by its proximity to a closed MMB.  Before opening up in an area, the otherwise eligible MMB could have simply waited until the other MMB closed or was shut down by law enforcement to avoid the proximity prohibition.

## IV.  *DISPOSITION*

The judgment is affirmed.


                                      _____
                                        RICCIARDULLI, J.

We concur:

                                        _____
                                        KUMAR, Acting P. J.


                                        _____
                                        B. JOHNSON, J.